```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


_____
                                   :
DEAN ANTHONY LEWIN,                :
                                   :
            Petitioner,            :   Civ. No. 18-953 (NLH)
                                   :
      v.                           :   OPINION
                                   :
STATE OF NEW JERSEY, COUNTY        :
OF CAPE MAY, and CAPE MAY          :
SEHRIFF'S OFFICE,                  :
                                   :
            Respondents.           :
_____:
```

APPEARANCE:
Dean Anthony Lewin, #48572
Cape May County Correctional Center
4 Moore Road
Cape May Court House, NJ 08210
    Petitioner Pro se

HILLMAN, District Judge

Petitioner Dean Anthony Lewin, a pretrial detainee confined in the Cape May County Correctional Center in Cape May Court House, New Jersey, at the time of filing, seeks to bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prepayment of fees or security or an application to proceed in forma pauperis.

Filing Fee

The filing fee for a petition for writ of habeas corpus is $5.00.  Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for

filing.  Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas corpus and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoner's institutional account during the six-month period prior to the date of the certification.  If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis.  L. Civ. R. 81.2(c).

Here, Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis.

Proper Respondent

Petitioner has named as Respondents the State of New Jersey, the County of Cape May, and the Cape May County Sheriff's Office.  Petitioner is hereby notified that, among other things, 28 U.S.C. § 2241 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  See also 28 U.S.C. § 2243 ("The

writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such a party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." Wales v. Whitney, 114 U.S. 564, 574 (1885).

> In accord with the statutory language and Wales' immediate custodian rule, longstanding practice confirms that the habeas challenges to present physical confinement--"core challenges"--the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the United States of America or some other remote supervisory official."

Rumsfeld v. Padilla, 542 U.S. 426, 434-36 (2004) (citations omitted). Thus, the warden of the facility where Petitioner is held is an indispensable party respondent, for want of whose presence the Petition may not proceed. See Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994).

Conclusion

For the reasons set forth above, the Clerk of Court will be ordered to administratively terminate this action without prejudice.[1] Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266

3

within forty-five (45) days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis and also submitting an amended petition with the proper respondent.  An appropriate Order will be entered.


Dated: February 9, 2018  　　　　　 s/ Noel L. Hillman
At Camden, New Jersey  　　　　　 NOEL L. HILLMAN, U.S.D.J.

---

(1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).