**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DEAN A. LEWIN,<br><br>      Petitioner,<br><br>   v.<br><br>WARDEN DONALD J. LOMBARDO, et al.,<br><br>      Respondents. | 1:18-cv-953-NLH<br><br>**MEMORANDUM OPINION & ORDER** |

**APPEARANCES**:

Dean A. Lewin, No. 48572
Cape May County Correctional Center
4 Moore Road
Cape May Court House, NJ 08210
    Petitioner pro se

Jeffrey Ryan Lindsay, Esq.
Cape May County Department of Law
4 Moore Road, DN 104
Cape May Court House, NJ 08210
    Counsel for Respondents

**HILLMAN, District Judge**

    WHEREAS, Petitioner Dean Anthony Lewin, who is proceeding pro se and is incarcerated, filed an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his pretrial detention in Cape May County. ECF No. 4. Petitioner alleges that he has been held as a pre-trial detainee with no bail for a period of time which "drastically exceed[s]" the sentence applicable if the Petitioner were found guilty of the

pending charges, id. at 9;[1] and

WHEREAS, when Petitioner filed his Amended Petition, he sought to proceed in forma pauperis without prepayment of fees, ECF No. 4-1; and

WHEREAS, the Court granted Plaintiff's IFP application, ECF No. 5, screened the Amended Petition, and ordered the Respondents to file an answer, ECF No. 6; and

WHEREAS, in addition to his Amended Petition and IFP application, Petitioner filed a Motion for a Temporary Restraining Order ("TRO") under Federal Rule of Civil Procedure 65, ECF No. 10;[2] and

WHEREAS, Plaintiff seeks a TRO to (1) "remove the plaintiff from his involuntary placement in the restrictive 23 hour lock-in unit known as 'House One (1)';" (2) "cease all harassment, disclamation, and stalking of the plaintiff;" and (3) "suspend and place on extended leave of absence, Sergeant Robert Neilson, Officers Mark Howard, Edmans, & Sergeant T. Lennenger and take actions to prevent the officers of the Cape May County Sheriff's Department from continued harassment of plaintiff;" ECF No. 10

---

[1] The Court has jurisdiction over the Amended Petition pursuant to 28 U.S.C. § 2241. A § 2241 petition is the correct way for a pre-trial detainee to challenge a violation of his or her right to a speedy trial. See Moore v. DeYoung, 515 F.2d 437, 441-42 (3d Cir. 1975).

[2] Respondent has not filed an opposition or other response to the Motion.

at 1; and

WHEREAS, Petitioner sought for the Motion to be filed under the above-captioned § 2241 habeas petition but lists as "Defendants" on his Motion the Cape May County Sheriff's Office, Warden Donald J. Lombardo, John Does 1-2, John Does 3-10, Officer Edmans, Sergeant Christen Caldwell, Sergeant T. Lennenger, and Sergeant Robert Neilson, ECF No. 10 at 1; and

WHEREAS, the Court must deny Plaintiff's request for a TRO because Petitioner's new claims in his motion for injunctive relief are not cognizable in a habeas petition, whether brought pursuant to 28 U.S.C. § 2241 or another habeas statute.[3] See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("[W]henever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge, however denominated and regardless

---

[3] "Although both § 1983 and habeas corpus allow prisoners to challenge unconstitutional conduct by state officers, the two are not coextensive either in purpose or effect. Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the Great Writ of habeas corpus has traditionally been to inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' Section 1983, in contrast, provides for liability on the part of any state actor who 'subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.' It has been described as a 'species of tort liability.'" Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) (internal citations omitted).

of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, a[] [civil rights] action . . . is appropriate"); Spruill v. Rosemeyer, 36 App'x 488, 489 (3d Cir. 2002) ("There are no material differences for purposes of this appeal between appellant's claims - that prison officials wrongfully disciplined him by placing him in segregated housing for one month and transferring him to a higher security prison in retaliation for exercising his First Amendment Rights - and the claims in Leamer. The appellant challenges the conditions of his confinement, not the fact or duration thereof, and such a challenge could not have been brought by means of a habeas action."); Boney v. Dix, No. 16-798 (RMB), 2016 WL 744571, at *1-2 (D.N.J. Feb. 23, 2016); Coaxum x. Zickefoose, No. 10-6115 (RBK), 2011 WL 765984, at *2 (D.N.J. Feb. 24, 2011) ("To the extent a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action."); and

WHEREAS, if Petitioner would like to bring such a claim against the named defendants, he must proceed by filing a civil rights actions pursuant to 42 U.S.C. § 1983, and, if he would like to proceed without prepayment of fees, he must also file a complete application to proceed in forma pauperis;

THEREFORE,

IT IS on this   11th   day of December, 2018

ORDERED that Petitioner's Motion for Temporary Restraining Order, ECF No. 10, IS DENIED WITHOUT PREJUDICE; and it is further

ORDERED that the Clerk of the Court shall supply to Petitioner the blank forms entitled (1) "Prisoner Civil Rights Complaint (DNJ-ProSe-006-ProSePrisCvRghtsCmpFrm-STANDARD-(Rev.05-2013))," and (2) "Affidavit of Poverty and Account Certification (Civil Rights) (DNJ-ProSe-007-A-(Rev.05/2013))," to be used by Plaintiff in any future filing; and it is finally

ORDERED that the Clerk of the Court shall serve a copy of this Order on Petitioner by regular first-class mail.

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |